UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SANDRINE NAMBOUH ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | **Civil Action No.** | |
| ) | **10-11838** | |
| ) | | |
| WELTMAN, WEINBERG, & REIS CO., L.P.A. ) | | |
| Defendant, ) | | |
| ) | | |
| ) | | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.     INTRODUCTION

1.   This is an action for actual and statutory damages brought by Plaintiff Sandrine Nambouh an individual consumer, against Defendants Weltman, Weinberg, and Reis Co., L.P.A., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.     JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III.     PARTIES

3.   Plaintiff, Sandrine Nambouh is a natural person residing in Lynn, Massachusetts

4.   Defendant, Weltman, Weinberg, and Reis Co., L.P.A, is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 965 Keynote Circle, Brooklyn Heights, OH 44131.  The principal purpose of

Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5.   Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6.    Upon information and belief, Defendant began placing collection calls to Plaintiff in May of 2010.

7.  During collection calls, Plaintiff has been told by Defendant, "I have a right to talk to you like this, and if you don't make a payment we'll sue you," and, "If you don't make a payment then we will sue you," as well as, "If you don't call me within a week and make payments of $8,700.00 we will sue you and your co-signor."

8.  To date, Defendant has not taken Plaintiff or her co-signor to court.

9.  During collection calls, Plaintiff has been told by Defendant, "We can go after your property," and, "If you don't make payments the co-signor is as responsible as you are for the loan and we can go after her property."

10.  To date, Defendant has not taken action to take or put liens on the Plaintiff's property or her co-signor's property.

11.  During collection calls, Plaintiff has been spoken to in a demeaning and belittling manner by Defendant.

12.   As a result of the acts alleged above, Plaintiff suffered severe emotional distress resulting in headaches, nausea, sleeplessness, depression and embarrassment.

## IV.    *CLAIM FOR RELIEF*

13.   Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14.   Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated 15 U.S.C. § 1692g by failing to provide the Plaintiff with a written notice within five days of the initial communication stating her rights to validation of the alleged debt;

    (b) Defendant violated 15 U.S.C. §1692e(5) of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff; and

    (c) Defendant violated 15 U.S.C. §1692e(5) of the FDCPA by threatening to take action that it did not intend to take, such as putting a lien on property of Plaintiff; and

15.   As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff Sandrine Nambouh for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### V.   CLAIM FOR RELIEF

16.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

17.   Defendant violated M.G.L.A. 93 § 49.  Defendant's violations of M.G.L.A. 93 § 49 include, but are not limited to the following:

    (a) Defendant violated M.G.L.A. 93 § 49(c) of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff.

    (b) Defendant violated M.G.L.A. 93 § 49(c) of the FDCPA by threatening to take action that it did not intend to take, such as putting a lien on property of Plaintiff.

18.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19.   As a result of the above violations of the M.G.L.A. 93 § 49, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Defendant Weltman, Weinberg, and Reis Co., L.P.A, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of M.G.L.A. 93 § 49.
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Statutory damages pursuant to M.G.L.A. 93 § 49.
E. Costs and reasonable attorney fees pursuant to 15 U.S.C.

§ 1692k and M.G.L.A. 93 § 49;
F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,
By: /s/ Derek DePetrillo
Derek DePetrillo
BBO: 670303
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (603) 685-3323
Fax: (888) 712-4458
Attorney for Plaintiff

***DEMAND FOR JURY TRIAL***
Please take notice that plaintiff Sandrine Nambouh demands trial by jury in this action.